IN THE UNITED STATES FEDERAL COURT
OF NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JESSICA NAYVELT, and** | } | |
| **ERICA NAYVELT** | } | Case No. <u>**2014-CV-06952**</u> |
| **9745 Tripp Avenue** | } | |
| **Skokie, Illinois 60076-1142** | } | |
| Plaintiffs, | } | |
| | } | |
| vs. | } | |
| | } | |
| **FRONTIER AIRLINES** | } | |
| **7001 TOWER ROAD, Denver** | } | |
| **Colorado 80249** | } | |
| a foreign corporation | } | |
| Defendant, | } | |
| | } | **JURY DEMAND ON ALL COUNTS** |

_____

**COMPLAINT AT LAW**
_____

**NOW COMES** the above-named Plaintiffs, **JESSICA NAYVELT** and **ERICA NAYVELT**, by their counsel of record, Attorney Vladimir M. Gorokhovsky of Gorokhovsky Law Offices LLC, and as their Complaint at Law pursuant to the Articles 19 and 22(6) of the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 for actual, general, punitive, statutory, incidental and consequential damages for violation of the Article 19 of said Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45;  49 U.S.C.A.App. § 1502 (49 USCA § 40105, *et. seq*.), against the above-named defendants, **FRONTIER AIRLINES**, jointly and severally, alleges as follows:

I. JURISDICTION:

1. That this civil action arises under the Article 19 of Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45, which is the supreme law of this land.

2. That Article 19 of the Montreal Convention, states that: "The carrier is liable for damages occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures." Id.

3. That the above-named plaintiffs are seeking, among other relief, to recover statutory damages in aggregate sum not exceeding $14,533.96 pursuant to Art. 19 and 22(1) of the Montreal Convention; as well as general, special, incidental and consequential damages (in the sum not yet certain but to be proven at trial) from the above-named defendant for delay in international air transportation; as well as under other legal theories incorporated herein under the doctrine of pendent jurisdiction.

4. That, additionally, pursuant to the Article 22(5) of the Montreal Convention, the above-named Plaintiffs are also asserting claim for compensatory, additional, general, special, incidental and consequential damages in the excess of the above-referenced cap on damages imposed by the Article 22(1) of the Montreal Convention in the sum not yet certain but to be ascertained and proven at trial recoverable from defendant on the theory of "reckless indifference" of defendant's employees while acting in the scope of their employment and for benefit of their employer.

5. That the United States District Court for the Northern District of Illinois has jurisdiction over the cause of action set forth in this complaint under and pursuant to Art 33(1) of Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45,and pursuant to 28 U.S.C. § 1337.

6. That all the above-named defendants airlines are doing business within the jurisdiction of the United States District Court for Northern District of Illinois.

7. That, upon information and believe, the matter in controversy may exceed the sum of $10,000.00 exclusive of interest and costs, in that both the above-named plaintiff is alleging statutory damages in the amount of $14,533.96 pursuant to Article 22(1); as well as special, incidental and consequential damages to be awarded pursuant to Article 22(6) in the sum not yet certain but to be ascertained and proven at trial.

8. That the court's jurisdiction is invoked under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1337 and the doctrine of pendent jurisdiction.

9. That the above-named defendant is domiciliary of the country –signatory to the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45.[1]

---

[1] "The decision to ratify the Montreal Convention, which introduces a modernized and uniform legal framework governing airline companies' liability in the event of damage caused to passengers, baggage or goods during international journeys, codified by Council Decision 2001/539/EC of 5 April 2001 on the conclusion by the European Community of the Convention for the Unification of Certain Rules for International Carriage by Air" (the Montreal Convention) [Official Journal L 194 of 18.07.2001]; *see* http://europa.eu/legislation_summaries/transport/air_transport/l24255_en.htm

10. That, at all times material hereto, the United States of America was and still is the signatory to the Montreal Convention since 05-28-1999. [2]

11. That, at all times material hereto, the Kingdom of Bahamas was the signatory to the Montreal Convention since 05-28-1999.

## II. PARTIES:

12. That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-11 of Jurisdiction Section as set forth fully herein and incorporates them by reference:

13. That at all times material hereto the above-named Plaintiffs, JESSICA NAYVELT and ERICA NAYVELT were competent adults domiciliary of the United States of America, residing at: 9745 Tripp Avenue, Skokie, Illinois 60076-1142.

14. That the above-named Defendant, **FRONTIER AIRLINES** is believed to be domestic US air transportation carrier with principal place of business at: 7001 TOWER ROAD, Denver, Colorado 80249.

## COUNT ONE:
Cause of Action for Damages Caused by Delay or Cancellation of International Airfare Pursuant to Article 19[3] of the Montreal Convention

As a separate cause of action against the above-named Defendant, FRONTIER AIRLINES, jointly and severally, the above-named Plaintiffs are alleging as follows:

15. That the above-named Plaintiffs are repeating, re-alleging, and adopting

---

[2] http://legacy.icao.int/icao/en/leb/mtl99.pdf
[3] See, Article 19 of the Montreal Convention, holding that "The carrier is liable for damages occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures." Id.

§§ 1-14 of preceding sections of this entire Complaint including but not limited to Jurisdiction Section and Parties Section as set forth fully herein and incorporates them by reference:

16. That at all times material hereto on March 4, 2014 the above-named Plaintiffs, JESSICA NAYVELT and ERICA NAYVELT purchased from Easy Going Travel Agency for international transportation on April 13, 2014 by air from the place of their domicile at Chicago, Illinois to Bahamas, and than on April 20, 2014 back to Chicago, Illinois, USA.

17. That the United States and Bahamas are signatories to the Montreal Convention.[4]

18. That by procuring this international airfare from the place of his residence at: 9745 Tripp Avenue, Skokie, Illinois 60076-1142 the above-named Plaintiffs entered into binding legal contract with all the above-named defendants for international transportation by air from the place of his domicile at Chicago, Illinois to Bahamas and back to Chicago, Illinois, USA.

19. That true and correct copy of plaintiff's travel –related documents are appended herewith marked as <u>Exhibit A:</u> pp. 1-1, incorporated by reference and made a part of this entire complaint-at-law.

20. That on April 13, 2014, the above-named Plaintiffs were scheduled to depart from Chicago to Bahamas on Frontier Airlines flight No. 40.

21. That this flight was scheduled to depart at 10:00am and to arrive on Bahamas at 3:45PM, but was delayed on departure for more than 10 hours.

---

[4] http://legacy.icao.int/icao/en/leb/mtl99.pdf

22. That upon information and believe such delay was caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

23. That while being estranged at O'Hare International Airport the above-named Plaintiff were not provided with any care by the above-named defendant.

24. That while being estranged at O'Hare International Airport the above-named Plaintiff experienced willful indifference on the part of employees of the above-named defendant who were not willing to provide any care for estranged passengers and who were not advising a passengers as to cause, nature, extent, duration of delay of departing flight No. 40.

25. That the Plaintiff arrived at the midnight of April 13, 2014 to Bahamas being almost 11 hours late of their pre-planned arrival and missed entire half - day and entire evening of their pre-planned and pre-paid vacation.

26. That the Plaintiffs also lost dinner reservation for Jessica's 18th birthday party as well as several pre-paid sight-seeing excursions.

27. That the above-identified circumstances of delay of plaintiff's international airfare transportation on April 13, 2014, causing money damages to the above-named Plaintiffs is actionable pursuant to Article 19 of the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45; 49 U.S.C.A.App. § 1502 (49 USCA § 40105, *et. seq.*).

28. That, as a direct and proximate cause of the above-identified willful indifference by the above-named defendant, and delay of international airfare in excess of

6 hours the above-named Plaintiffs incurred actual, general, special, incidental and consequential damages including but not limited to per diem expenses in the sum to be proven at trial.

29. That as a direct and proximate cause of said breach perpetrated by the above-named defendants, the above-named Plaintiffs, JESSICA NAYVELT and ERICA NAYVELT was needlessly subjected to actual, general, special, incidental and consequential pecuniary damages, including but not limited to travel cancellation expenses, loss of benefit of their bargain, per diem and lodging expenses, indifferent treatment, inconvenience, physical discomfort, exhaustion, loss of time, delay, anxiety, frustration, uncertainty, loss of use of money and other legally cognizable damages, losses and injuries. [5]

30. That under the Article 36 of the Montreal Convention, the above-identified common carrier FRONTIER AIRLINES is liable for damages caused by delay or cancellation of international airfare carriage of passengers. [6]

31. That as a direct and proximate cause of refusing to allow the above-named Plaintiffs, JESSICA NAYVELT and ERICA NAYVELT to board Frontier Flight

---

[5] *Cf.* Lopez v. Eastern Airlines, Inc., 677 F.Supp.181 (holding that inconvenience, delay and uncertainty are compensable injuries even in absence of out-of pocket costs) *also see* Ben Daniel v. Virgin Atlantic Airways, 59 F.Supp.2d 986 (N.D. Cal. 1998)(holding that passengers' inconvenience is legally cognizable harm under Articles 17 and 19 of Warsaw Convention) *also see* Warsaw Convention, Art. 17, 19; 49 U.S.C.A. § 40105 *and* 14 C.F.R. §§ 250.4-250.6 *also see* Charas v. Trans World Airlines, Inc. 160 F.3d 1259, C.A.9 (Cal.),1998 (holding that Airline Deregulation Act (ADA) does not preempt passengers' breach of contract claims) *see also* American Airlines, Inc. v. Wolens,115 S.Ct. 817, 513 U.S. 219, 130 L.Ed.2d 715, 63 USLW 4066 (U.S.Ill.,1995)(holding that Airline Deregulation Act did not preempt action against airline based on state contract law).
[6] Multilateral Convention for International Carriage by Air, Montreal May 28, 1999., S. Treaty Doc. No. 106-45.

No. 40 on April 13, 2014, the above-named Plaintiffs were subjected to additional lodging and per diem expenses, spoliation of their memorable trip, physical discomfort, loss of time, loss of use of their monies, and was subjected to various actual, general, special, incidental and consequential damages in the sum to be ascertained at trial. [7]

32. That, thereafter the above-named defendants were duly served with plaintiff's notices of claims against them, in accordance with Article 22(6) of the Montreal Convention for damages caused by their breach of transportation agreement and delay in international transportation in violation of the Montreal Convention.

33. That due to failure to answer pre-suit settlement claims on the part of all the above-named defendants, the above-named Plaintiffs, JESSICA NAYVELT and ERICA NAYVELT is entitled to reasonable attorneys fees pursuant to the Article 22(6) of the Montreal Convention. [8]

**WHEREFORE** the above-named Plaintiffs are hereby pray that this Court shall award the Final Order of Judgment against the above-named defendant , in the amount of statutory damages in the sum of $15,014.78 due to the above-named plaintiffs; as well

---

[7] *Cf*. Kupferman v. Pakistan International Airlines, 108 Misc. 2d 485, 438 N.Y.S.2d 189 (holding that the law has evolved a liberal rule of damages where a customer has been subjected to humiliating indifference and has been accorded treatment inferior to the class of treatment that he had bargained for).

[8] Montreal Convention preserved the so-called "settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments. To that extent settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments was codified in the Article 22(6) of the Montreal Convention, which states as follows:
> "The limits prescribed in Article 21 and in this Article shall not prevent the court from awarding, in accordance with its own law [8], in addition, the whole or part of the court costs and of the other expenses of the litigation incurred by the plaintiff, including interest. The foregoing provision shall not apply if the amount of the damages awarded, excluding court costs and other expenses of litigation, does not exceed the sum which the carrier has offered in writing to the plaintiff within a period of six months from the date of the occurrence causing the damage, or before the commencement of the action, if that is later."

as an amount of actual, general, special, incidental and consequential damages in the sum to be determined at trial; and reasonable amount of attorney's fees pursuant to Article 22(6) of Montreal Convention for failure to respond to written pre-suit settlement offer; and costs and disbursements of this action; and such other and further relief as the Court may deem just and proper.

COUNT TWO:
**Cause of Action for Breach of Contract: Breach of Self-Imposed Contractual Duty**

As a separate cause of action against the above-named Defendants, THE MARK TRAVEL CORPORATION d/b/a FUNJET, jointly and severally, the above-named Plaintiffs are alleging as follows:

34. That the above-named Plaintiffs are hereby repeating, re-alleging, and adopting §§ 1-11 of Jurisdiction Section, §§ 12-14 of Parties Section; §§ 15-33 of this entire Complaint as set forth fully herein and incorporates them by reference:

35. That at all times material hereto the parties entered into the contract for international airfare transportation of the above-named plaintiff on April 13, 2014 from the place of their domicile at Chicago, USA to the Bahamas and than on April 20, 2014 back to the USA.

36. That, at all times material hereto, the above-named defendant was under contractual duty to transport the above-named Plaintiffs from Chicago, Illinois USA to Bahamas and back to the USA.

37. That the time was is of the essence as to timely contractual performance of the be-named defendant.

38. That in reliance upon defendant's timely performance of said contractual duty the above-named Plaintiffs scheduled their vacation activities for the evening of April 13, 2104.

39. That because the defendant's flight No. 40 from O'Hare to Bahamas was late on departure for 10 hours on April 13, 2014, subsequently the above-named plaintiffs lost their pre-planned and pre-paid vocational activities.

40. That in particular the above-named Plaintiffs lost the benefit of their reservation party for Jessica's 18th birthday which was scheduled for the evening of April 13, 2014.

41. That they also lost pre-planned and pr-paid sight – seeing activities.

42. That the loss of actual out-of-pocket expenses and loss of their benefit amounts to the sum of $1500.

43. That additionally, while being estranged for 10 hours at O'Hare International Airport on April 13, 2014, the above-named Plaintiffs were not provided with any meaningful assistance by the above-named defendant.

44. That in particular the above-named defendant did not provided the Plaintiffs with any food or refreshments and did not adequately informed them as to the nature, scope and extension of delay of its departing flight.

45. That at all times material hereto the above-named defendant was under duty to provide care for passengers in its custody and control and to adequately inform them as to applicable nature, extension, duration and scope of flight delay.

46. That said legal duty was incorporated into defendant's Rule 240(d)(4) of its terms of carriage, published on defendant's home page titled as "Condition of

Carriage," available at: http://www.flyfrontier.com/faqs/~/media/files/docs/contract-of-carriage.ashx.

47. That the above-referenced self-imposed contractual terms became the part contract for international airfare transportation, formed and entered into at the place of plaintiff's domicile at Chicago, Cook County, Illinois, USA.

48. That the above-referenced terms constitute self –imposed contractual obligation.

49. That at all times material hereto the above-named defendant breached the above-referenced contract for international airfare carriage by failing to promptly and adequately notify the above-named Plaintiff of cancellation and or delay of their departing Flight No. 40.

50. That said breach of contractual duty by the above-named defendant was material breach of essential condition precedent imposed upon the above-named defendant by operation of the above-referenced contractual undertaking.

51. That, alternatively the above-referenced breach of contractual duty by the above-named defendant was material breach of essential *ex contractu* condition subsequent imposed upon the above-named defendant by operation of the above-referenced self-imposed contractual undertaking.

52. That at all times material hereto the above-named plaintiffs duly performed all conditions and covenants required to be performed by said contract for international airfare transportation.

53. That as a direct and proximate cause of said material breach of contract perpetrated by the above-named defendant, the above-named plaintiffs incurred actual,

general, special, incidental and consequential damages in the sum to be determined at trial.

54. That pursuant to Wolens doctrine the common law cause of action *ex contractu* against the above-named defendants is not preempted by the Airline Deregulation Act, (ADA), 49 USC § 41713 (2010)(Public Law No. 95-504). [9]

55. That the Montreal Convention does not preempt the common law cause of action for breach of contract of voluntary undertaking.[10]

**WHEREFORE,** both the above-named Plaintiffs are hereby respectfully pray that this Honorable Court shall award them an amount of actual and general damages in the sum to be proven at trial due to the above-named plaintiffs from the above-named defendants, jointly and severally; and additional amounts in the sum to be proven at trial; as well as an amount of special, incidental and consequential damages in the additional sum to be determined at trial; and reasonable amount of attorney's fees; as well as costs and disbursements of this action; and such other and further relief as the Court may deem just and proper.

**WHEREFORE,** the above-named Plaintiffs, JESSICA NAYVELT and ERICA NAYVELT, are hereby praying with this Honorable Court to award the final order of judgment in the sum of to be determined at trial against the above-named defendants,

---

[9] American Airlines, Inc. v. Wolens,115 S.Ct. 817, 513 U.S. 219, 130 L.Ed.2d 715, 63 USLW 4066 (U.S.Ill.,1995)(holding that Airline Deregulation Act did not preempt action against airline based on state contract law).
[10] Narkiewicz-Laine v. Scandinavian Airlines Sys., 587 F. Supp. 2d 888, 890 (N.D. Ill. 2008)(holding that "claims may be brought under the Montreal Convention or they may be brought 'in contract or in tort or otherwise' but such claims are subject to an affirmative defense based on the conditions and limits of liability set out in the Montreal Convention") (*quoting* Montreal Convention, art. 29); *accord* Cosgrove-Goodman v. UAL Corp., No. 10 CV 1908, 2010 WL 2197674, at *3 (N.D. Ill. June 2, 2010).

FRONTIER AIRLINES, jointly and severally, for all the above-stated causes of action as follows:

1. Pursuant to Art. 19 and 22(1) of the Montreal Convention, an amount of statutory damages in the sum of 4694 SDR[11] (Special Drawing Rights) or in the sum of $7,133.39 [12] to be awarded pursuant to an Article 22(1) per passenger, or in the sum to be determined at trial

3. Alternatively, the sums of actual, general, special, statutory, incidental and consequential damages in the sum to be proven at trial, together with the costs of suit, including reasonable attorney fees, sustained by reason of defendants' breach of international air transportation contract, as well as delay in international transportation and negligent performance of contractual duties.

4. Pursuant to the Rule 54(d)(2) of Federal Rules of Civil Procedure, an award of reasonable amount of attorney's fees in accordance with "settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments as incorporated by Article 22(6) of Montreal Convention for defendant's failure to respond to written notice of claim and to pre-suit settlement demand; and

5. Pursuant to the Rule 54(d)(2) of Federal Rules of Civil Procedure, an award of costs and disbursements of this action; and

---

[11] http://coinmill.com/SDR_USD.html#SDR=4694
[12] On June 30, 2009, ICAO adjusted the liability limits set forth in Articles 21 and 22 of the Montreal Convention due to inflation. Accordingly, effective December 30, 2009, the liability limit set forth in Article 22(2) was increased from 4150 SDRs to 4694 SDR. *See* U.S. Department of Transportation, *Inflation Adjustments to Liability Limits Governed by the Montreal Convention Effective December 30, 2009*, 74 F.R. 59017-18 (Nov. 16, 2009).

6. Plaintiffs also move the Court for scheduling of evidentiary hearing on the issue of award of attorneys fees and costs upon entry of order of judgment pursuant to Rule 54 (d)(1) and (2) of Federal Rules of Civil Procedure; and

7. Such other and further relief as the Court may deem just and proper.

PLEASE TAKE NOTICE that the above-named Plaintiffs are hereby respectfully requesting the trial by jury on all counts asserted herein.

Dated this Complaint-at-Law on this <u>8th</u> day of <u>September</u> 2014.

                      Respectfully submitted by
                      GOROKHOVSKY LAW OFFICE, L.L.C.
                      Attorneys for Plaintiffs

BY: *Vladimir M. Gorokhovsky, Esq.*
        /s/ VLADIMIR M. GOROKHOVSKY, LL.M.
        WIS. SBN: 1036040

**P.O. Business Address**:
Gorokhovsky Law Office, LLC
10919 North Hedgewood Ln.,
Mequon, WI 53092
Telephone: (414)-581-1582
gorlawoffice@yahoo.com